IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CORNELIUS CHRISTIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                                         ) | No. CIV-21-369-R |
| ) | |
| UNITED STATES DISTRICT COURT ) | |
| FOR THE WESTERN DISTRICT OF       ) | |
| OKLAHOMA,                                      ) | |
| ) | |
| Respondent.                         ) | |

## ORDER

Petitioner, a federal inmate, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The case was referred to United States Magistrate Judge Amanda Maxwell Green pursuant to 28 U.S.C. § 636(b)(1)(B). That referral is hereby vacated. The Court has conducted an initial screening of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and for the reasons set forth herein, the action is dismissed for lack of jurisdiction.[1]

Mr. Christian is currently serving a sentence of 235 months for his conviction by jury of a single count of felon in possession of a firearm, Case No. CR-17-68-R. Petitioner appealed his conviction and the United States Court of Appeals for the Tenth Circuit affirmed on November 6, 2018. *United States v. Christian* (Christian I), 754 F. App'x 747, 748–49 (10th Cir. 2018)(Case No. CR-17-68-R, Doc. No. 82). Thereafter Mr. Christian

---

[1] In the court's discretion, the Rules Governing § 2254 Cases may be applied to other habeas actions, such as those brought under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases.

filed a Motion to Vacate under 28 U.S.C. § 2255. (Case No. CR-17-68-R, Doc. No. 87). Following a response from the United States, the Court entered an Order denying Mr. Christian's Motion to Vacate. (Doc. No. 97). Petitioner appealed the Court's denial of his § 2255 motion, and the Tenth Circuit affirmed. (Doc. No. 105). On December 22, 2020, Petitioner filed an application with the United States Court of Appeals for the Tenth Circuit seeking leave to file a successive § 2255. (Doc. No. 106). On January 20, 2021, the Tenth Circuit denied the request for leave to file a second or successive motion. (*In re Christian*, Case No. 20-6194). Mr. Christian returns to the Court, this time proceeding under 28 U.S.C. § 2241, raising nineteen grounds for relief. Eighteen of the grounds contained in the Petition attack his underlying conviction and sentence and Ground 4 argues that in exchange for information he includes about a 1995 murder, he should be granted relief under Rule 35 of the Federal Rules of Criminal Procedure.[2]

The Court notes at the outset that Petitioner has failed to name the correct Respondent.

> "The federal habeas statute straightforwardly provides ... the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). "The writ, or order to show cause shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243.

> "The consistent use of the definite article in reference to the custodian indicates ... there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 542 U.S. at 434–35 (quoting 28 U.S.C. § 2242).

---

[2] Pursuant to Rule 35 a motion for substantial assistance must be filed by the Government when a defendant provides substantial assistance in investigating or prosecuting another person. The rule does not contain a provision for such a motion to be filed by the defendant.

>   It is critical that Petitioner ascertain the proper respondent because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494–95 (1973). Additionally, "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld*, 542 U.S. at 442 (quoting 28 U.S.C. § 2241(a)). The Supreme Court has "interpreted this language to require 'nothing more than that the [C]ourt issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden*, 410 U.S. at 495).

*Garcia v. Young*, No. CIV-20-1309-R, 2021 WL 723977, at *1 (W.D. Okla. Feb. 24, 2021).

Beyond not naming the proper Respondent, which could be fixed by amendment, Petitioner has filed the motion in the incorrect court, and this Court lacks jurisdiction over his § 2241 petition. The appropriate location for filing a petition pursuant to 28 U.S.C. § 2241 is the district of incarceration; Petitioner is incarcerated at the Federal Correctional Institution in Florence Colorado, which is not within the Western District of Oklahoma. This Court must have jurisdiction over Petitioner's custodian and because the warden of Petitioner's facility is in Colorado, amendment would be futile to fix this defect. As noted by the Tenth Circuit in *United States v. Rhodes*, 834 F. App'x 457 (10th Cir. Nov. 6, 2020), "[w]hile § 2241 gives a district judge the 'power to release' a defendant confined in its district, a habeas court 'has no other power,' and 'cannot revise the [underlying] judgment." *Id.* at 462 (quoting *Foy v. Noia*, 372 U.S. 391, 430-31 (1963), *abrogated on other grounds by Wainwright v. Sykes*, 433 U.S. 72, 87-88 (1977)); *see also Griggs v. United States*, 79 F. App'x 359, (10th Cir. Oct. 17, 2003). Accordingly, without regard to the underlying validity of Petitioner's claims, his § 2241 action cannot proceed in this District.

Furthermore, the Court finds that transfer of the petition to the District of Colorado would also be futile. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity." *Bradshaw v. Story* 86 F.3d 164, 166 (10th Cir. 1996). Here, Petitioner is not challenging the execution of his sentence, rather, he is seeking relief from an allegedly invalid conviction or sentence and therefore may file a motion under § 2255 to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. As set forth above, however, Petitioner has already taken advantage of his one opportunity to file a § 2255 motion to vacate.[3]

> Importantly, a habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965).

*Webb-El v. United States Parole Commission*, 795 F. App'x 578, 580 (2019). Generally, a § 2255 motion provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S.Ct. 641 (2017).

There is a savings clause in § 2255(e), that permits a federal prisoner to file a petition under 28 U.S.C. § 2241 if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). When prompted on the § 2241 form petition

---

[3] When a federal inmate is denied relief under 28 U.S.C. § 2255, he may not pursue additional motions under this section unless granted permission from the appropriate court of appeals, which may grant permission only if there is newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). Therefore, having availed himself of his § 2255 and having been denied leave to file a second or successive motion, Petitioner cannot rely on § 2255 to challenge his conviction.

to explain why his § 2255 remedy was inadequate or ineffective to challenge his conviction or sentence, Mr. Christian stated his claims "[d]id not meet the requirements of § 2255(h). Grounds are not cognizable bases for authorization under § 2255(h)." (Doc. No. 1, p. 5).

> The Tenth Circuit has rejected the claim that a "current inability to assert the claims in a successive § 2255 motion – due to the one-year limitation period and the restrictions identified in § 2255(h) – demonstrates that the remedy under § 2255 is inadequate or ineffective." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished)(citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014)(unpublished)(holding that even if a petitioner is barred from bringing a second motion under § 2255(h), that would "not establish the remedy in § 2255 is inadequate.")(*citing Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be found "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction, subsection (h) would become a nullity, a meaningless gesture." *Prost*, id.: *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost,* satisfy § 2255(e), and § 2241 review must be denied.").

*Jackson v. Hudson*, No. 21-3052-JWL, 2021 WL 719063, at *2 (D. Kan. Feb. 24, 2021). Petitioner bears the burden of showing that the remedy under § 2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. He has failed to meet his burden, and therefore, the Court concludes that it would be futile to transfer this action to the District Court of Colorado.

Finally, Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny of Certificate of Appealability upon entering a final adverse order. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid

5

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a Certificate of Appealability. *Id*. at 485. The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

For the reasons set forth herein the Petition is hereby DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED** this 9th day of June 2021.

*[signature: David L. Russell]*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE